UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NIKITA SMITH                                                                                    PLAINTIFF

v.                                                                  Civil Action No. 1:24CV132-GHD-RP

NASHVILLE QUALITY, LLC                                                                          DEFENDANT

## OPINION

Presently before the Court is the Defendant's motion to dismiss [8] the Plaintiff's claims in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds the motion should be granted in part and denied in part. The motion shall be granted as to the Plaintiff's claim for sex discrimination/sexual harassment, and that claim or claims shall be dismissed. The motion shall be denied as to the Plaintiff's claim for retaliation, and that claim shall proceed.

### I.     Background

The Plaintiff worked for the Defendant Nashville Quality, LLC for five days in May of 2023 as a General Manager-in-training at the Defendant's Pontotoc, Mississippi, location. The Plaintiff alleges that, during her first two days of employment, two of her female co-workers (Natreka Earl, the Store Manager, and Nichole White, a co-worker), made a total three offensive and sexually-explicit comments in her presence, only one of which was related to the Plaintiff herself. [Complaint, Doc. 1, at 2]. The Plaintiff reported the comments to the Defendant's District Manager, and Ms. White's employment was terminated during the Defendant's investigation of the Plaintiff's complaint [1, at 2, 10]. After the investigation was completed, the Defendant agreed to permit the Plaintiff to transfer to the Defendant's Fulton, Mississippi, location to continue her training [1, at 4].

The Plaintiff's employment ended before she commenced training at the Fulton location [1, at 4-5].

The Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and sexual harassment [Doc. 1-2]. The EEOC subsequently issued the Plaintiff a Right to Sue letter [Doc. 1-1], and the Plaintiff timely filed her complaint in this matter [Doc. 1]. In her complaint, the Plaintiff alleges sex discrimination, sexual harassment, and retaliation under Title VII. The Defendant has now moved to dismiss the Plaintiff's claims. The Plaintiff has responded in opposition and the motion is ripe for the court's ruling.

## II. Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*,

2

522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. Analysis

The Plaintiff asserts the Defendant violated Title VII by discriminating and retaliating against and harassing her because of her gender. Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Court considers the Plaintiff's claims in turn.

*Sexual Harassment*

The Plaintiff alleges that three comments made by two female co-workers in her presence on her second day of employment constitute sexual harassment.

To establish that an unlawful hostile work environment (harassment) existed, a Plaintiff must provide evidence that: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment complained of was based on her gender; (4) the harassment affected the terms, conditions, or privileges of her employment;

3

and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993); *Dike v. Columbia Hospital Corp. of Bay Area*, No. 24-40058, 2025 WL 315126, at *5 (5th Cir. Jan. 28, 2025); *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). As described below, the Court finds the Plaintiff has not alleged facts that support the elements of this cause of action sufficiently to make out a valid claim; specifically, she has failed to adequately plead the fourth and fifth factors of the *Harris* test.

First, the Supreme Court has held that:

> in order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. *Harris*, 510 U.S. at 21-22. We directed courts to determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*, at 23. ... A recurring point in these opinions is that "simple teasing," *id.*, at 82, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment.

*Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923-24 (5th Cir. 2022).

As noted below, the Court finds that the Plaintiff has not adequately pled facts that can support a claim the Defendant created a hostile work environment. The Court further finds the Defendant took prompt remedial action. The Plaintiff's claim for sexual harassment, therefore, shall be dismissed.

First, the Court finds the alleged incidents of harassment, taking the Plaintiff's allegations as true, are neither severe nor pervasive enough to constitute harassment based

4

on gender. The comments, while offensive and sexually explicit, were not hostile or abusive. *Faragher*, 524 U.S. at 787. Specifically, the Plaintiff alleges in her complaint the following three comments, only one of which related to the Plaintiff, constituted sexual harassment: (1) the Store Manager told the Plaintiff "Nichole is going to be ready to suck on your p**** when she meets you, and she is going to want to stick a dildo in you;" (2); the Store Manager told the Plaintiff, with Nichole White present, that "Nichole washes her face and brushes her teeth with cum;" and (3) Nichole White responded that "I don't spit, I swallow, because nut is good for you." [Doc. 1, paras. 10-11].

The Court finds these allegations are insufficient to state a claim for sexual harassment. For sexual harassment to be actionable, the Supreme Court has held the conduct "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). In order to qualify as pervasive, conduct must involve "patterns or allegations of extensive, long lasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiff's work environment." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999). Such conduct typically must occur two or three times per week over a month-long period or longer. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 772 (5th Cir. 2009); see also *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 805, 807 fn.4 (5th Cir. 1996) (six months); *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005). The Plaintiff's allegations do not qualify as pervasive.

In order to qualify as sufficiently severe conduct to constitute sexual harassment, a single incident must be "extraordinarily severe" or a series of incidents must be sufficiently

continuous or concerted such that the conduct altered the conditions of the plaintiff's work environment. Severity typically involves physical contact, such as in *Harvill*, where the harasser deliberately touched the plaintiff's intimate areas. *Harvill*, 433 F.3d at 436. In the case *sub judice*, the Court finds that three comments, only one of which was directed at the Plaintiff, simply do not qualify as severe. The Plaintiff has cited no authority where a court found that similar conduct qualified as sufficiently severe such that a claim for sexual harassment was adequately pled.

In addition, the Plaintiff has not adequately pled the existence of the fifth element of the *Harris prima facie* case requirement because she has not alleged that the Defendant knew or should have known of the harassment in question *and* failed to take prompt remedial action. Instead, it is undisputed the Defendant did in fact promptly investigate the Plaintiff's allegations *and* did take corrective action, including terminating the employment of Ms. White. The Plaintiff does not dispute the Defendant promptly investigated her complaint, counselled all employees regarding proper workplace conduct, and terminated the employment of Nichole White [1, at 9-10]. The Court finds these facts render the Plaintiff unable to show that the fifth element of the required *Harris* test has been adequately pled.

Accordingly, the Court finds the Plaintiff has failed to state a claim to relief that is plausible on its face with respect to her sexual harassment claim, and that claim shall therefore be dismissed.

*Sex Discrimination*

To the extent the Plaintiff seeks to state a claim for sex discrimination apart from her sexual harassment claim, the Court finds that she has not adequately pled enough facts

6

to state a claim to relief that is plausible on its face. Any such claim shall therefore be dismissed. To state such a claim, the Plaintiff must assert (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) she was replaced by someone outside the protected class or was treated less favorably than employees outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993); *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). The Plaintiff has simply not attempted to plead such a claim; therefore, any separate claim for sex discrimination is dismissed.

*Retaliation*

Lastly, the Plaintiff asserts the Defendant retaliated against her based upon the Plaintiff's complaint. [Doc. 1, at 12].

To establish a *prima facie* case of retaliation the plaintiff must provide evidence that: (1) she engaged in activity protected by the statute; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 555–57 (5th Cir. 2007).

The Court finds the Plaintiff has, at the present juncture, sufficiently pled a claim for retaliation. The Plaintiff indisputably engaged in protected activity when she reported the subject comments to her District Manager – the Defendant admits that it commenced an investigation based on the Plaintiff's report [9, at 2]. The first element of a retaliation claim, therefore, has been adequately pled. As for the second and third elements, the Plaintiff avers her employment was terminated [1, at 12], and the Court finds, at this juncture, the Plaintiff has sufficiently pled that a causal link between her protected activity

7

(the filing of her report) and her termination exists given the short timeline of events and the alleged facts pled by the Plaintiff related to the transfer and her termination. Specifically, the Plaintiff avers that while the parties agreed to the transfer, the Defendant never contacted the Plaintiff regarding the logistics of actually transferring the Plaintiff to the Pontotoc location despite the Plaintiff's efforts to do so [1, at 11-12]. Given that the Plaintiff shortly thereafter learned of her termination from employment, the Court finds that sufficient facts have been pled, at the present juncture, for this claim to proceed. Accordingly, the Court shall deny the Defendant's motion to dismiss the Plaintiff's retaliation claim, and that claim shall proceed.

### IV. Conclusion

For all of the foregoing reasons, the Court finds that the Defendant's motion to dismiss should be granted in part and denied in part. The motion shall be granted as to the Plaintiff's claim for sexual harassment and, to the extent the Plaintiff asserts such a claim, her claim for sex discrimination, and those claims shall be dismissed. The Defendant's motion shall be denied as to the Plaintiff's claim for retaliation, and that claim shall proceed.

An order in accordance with this opinion shall issue this day.

This, the 3rd day of February, 2025.

SENIOR U.S. DISTRICT JUDGE